948 F.2d 1284
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathy WATSON, Defendant-Appellant.
 No. 91-5776.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1991.
Decided Nov. 18, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert L. Merhige, Jr., Senior District Judge. (CR-88-63)
 Claudia W. Bentley, Bowles, Rice, McDavid, Graff & Love, Martinsburg, Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W. Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kathy Watson appeals the district court's revocation of her supervised released. Watson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues to appeal. Watson claims the district court erred by revoking her supervised released based on its findings that she violated the terms of her supervised release by possessing cocaine and failing to perform required community service work. Because Watson's appeal lacks merit, we affirm.
 
 
 2
 * Watson pled guilty in 1988 to one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to serve 21 months of imprisonment and 3 years of supervised release. The terms of Watson's supervised release prohibited her from using illegal controlled substances or associating with people possessing such drugs, and required her to perform 200 hours of community service work. While under supervision, Watson's urinalysis test results revealed-and Watson admitted--that she had used cocaine on at least two occasions. Watson also failed to perform the community service work required by the terms of her supervised release.
 
 
 3
 Based on Watson's failure to comply with the terms of her supervised release, Watson's probation officer, Mary C. Morris, petitioned the district court for a revocation of Watson's supervised release. At Watson's March 1991 revocation hearing, the government's case consisted exclusively of Morris' testimony about the results of Watson's drug tests, Watson's admissions of drug use, and Watson's failure to perform her community service work.
 
 
 4
 After considering all the evidence offered at Watson's March 1991 revocation hearing, the district court found that Watson had violated the terms of her supervised release by using drugs and failing to perform her community service work. The district court then revoked Watson's supervised release and imposed a two-year prison sentence.
 
 II
 
 5
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform her client, in writing, of her right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of her client. We deny counsel's motion to withdraw.
 
 
 7
 In conclusion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.